# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| RONNIE CONLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08CV1513 DJS |
| | ) | |
| DEPARTMENT OF CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 512397), an inmate at Western Missouri Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $11.75. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $58.75, and an average monthly balance of $28.72. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $11.75, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging a violation of his civil rights. Named as defendants are: the Missouri Department of Corrections, Larry Crawford (Superintendent), Brenda Unknown (Unit Manager), Matthew Marler (Correctional Officer), and Patricia Carothers (Correctional Officer).

Plaintiff alleges that the Missouri Department of Corrections denied him due process when they purportedly changed his criminal sentence by denying him entrance into a long-term treatment program after he got into an altercation with another inmate.[1]

---

[1] The Court takes judicial notice of a previous case filed by plaintiff involving similar factual allegations. See Conley v. Missouri Department of Corrections, 4:08CV1205 HEA (September 11, 2008). In that case, plaintiff stated that he was sentenced in Missouri state court

Plaintiff complains that he would not have gotten into the altercation if he had not been wrongfully housed in what he calls "a maximum-security prison with violent offenders." Plaintiff asserts that the Department failed to protect him from the alleged "violent offenders" and should not have housed him in a "maximum security prison."

Plaintiff additionally believes his rights were violated when he was written up by defendant Marler for engaging in the altercation, and he complains that defendant Carothers "allowed" the write-up. Plaintiff also asserts that defendant Brenda Unknown acted wrongfully when she forced him to "cell" with "violent offenders." Plaintiff seeks monetary damages as a result of the aforementioned.

## Discussion

To the extent plaintiff is again attempting to allege a violation of a constitutional right by asserting an unconstitutional amendment to his criminal sentence, plaintiff has failed to establish a *prima facie* case under § 1983. To establish a *prima facie* case under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) the action occurred "under color of law" and (2) the action is a deprivation of a constitutional right or a federal statutory right. Parratt v. Taylor, 451 U.S. 527, 535 (1981). According to the

---

to a term of imprisonment of seven (7) years, to run concurrently with a five (5) year sentence he received in another matter. Plaintiff claimed that as part of his sentence, the court "ordered that [plaintiff] be placed in the Department of Corrections' long-term treatment program under Chapter 217.362 R.S.Mo."

plain language of the statute, the long-term treatment program does not obviate the criminal sentence. See Mo.Rev.Stat. § 217.362 ("if an offender is eligible and there is adequate space, the court may sentence a person to the program which shall consist of institutional drug or alcohol treatment for a period of at least twelve and no more than twenty-four months, as well as a term of incarceration"). In his prior proceeding, plaintiff admitted that he was originally sentenced to a term of seven (7) years, as well as participation in the long-term treatment program. The Court adopts the reasoning set forth in its prior opinion and concludes that the removal of the long-term treatment program from his sentence did not enhance his original sentence. Accordingly, this purportedly unilateral act cannot be described as a deprivation of a constitutional right.

Even if plaintiff had alleged a violation of his constitutional rights, his complaint would still be subject to dismissal. The complaint fails to state a claim against the Missouri Department of Corrections because it is not an entity subject to suit under § 1983. Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp., 948 F.2d 1084, 1086 (8th Cir. 1991) (agency exercising state power is not "person" subject to § 1983 suit). Moreover, the complaint fails to state a claim against defendants Crawford or Carothers because plaintiff has not attributed any direct action to these defendants. Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983

requires a causal link to, and direct responsibility for, the alleged deprivation of rights."); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).

Additionally, plaintiff's allegations that he received a false "write-up" from defendant Marler for his role in the alleged altercation with another inmate fail to state a claim for relief. Sprouse v. Babcock, 870 F.2d 4560, 452 (8th Cir. 1989). Further, plaintiff has no constitutionally protected liberty interest in the procedures the State of Missouri uses to determine guilt and corresponding issuance of conduct violations to inmates. Moreover, plaintiff makes no claim that he received punishment for the conduct violations that imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life; thus, the protections of the due process clause do not apply.

Similarly, plaintiff cannot sustain a cause of action against defendant Brenda Unknown for "celling" him with what he perceives to be "violent offenders." Plaintiff alleges, without any facts whatsoever, that he was being housed in a "maximum security prison" and then seems to infer from that statement that he was being housed

with "violent offenders." He then asks the Court to find that Brenda Unknown (and whoever made the decision to place him in that prison) violated the constitution simply by housing him in that particular prison.

To prevail in a suit under 42 U.S.C. 1983, an inmate seeking damages from prison officials for subjecting him to cruel and unusual punishment by failing to protect him from assault by another inmate must show something more than mere inadvertence or negligence. Andrews v. Siegel, 929 F.2d 1326, 1330 (8th Cir. 1991) (quotations omitted). He must show the defendants were deliberately indifferent to his constitutional rights, either because they actually intended to deprive him of some right, or because they acted with reckless disregard of his right to be free from violent attacks by fellow inmates. Id. (citations and quotations omitted). To establish "reckless disregard" by prison officials, an inmate must show that he was faced with a "pervasive risk of harm" and that the prison officials failed to respond reasonably to that risk. Id. (citations omitted)  Plaintiff's conclusory allegation that he was being housed at a "maximum security prisoner" made up of "violent offenders" does not meet the standard needed for a deliberate indifference claim against defendant Brenda Unknown.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $11.75 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this   23rd   day of January, 2009.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE